**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| A MATTER OF TIME, INC. d/b/a DOGOLOGIE, § § | | |
| *Plaintiff*, | § | CIVIL ACTION NO. 1:22-CV-00358-RP |
| | § | |
| | § | JURY TRIAL REQUESTED |
| v. | § | |
| | § | |
| RONALD B. RICE, d/b/a DOGOLOGY and DOGOLOGY 101, | § § | |
| *Defendant.* | § | |
| | § | |

**AGREED FINAL ORDER**

WHEREAS, A Matter of Time, Inc. d/b/a Dogologie ("Dogologie") filed the above-captioned action alleging that Dogology LLC and Ronald B. Rice, individually and d/b/a Dogology, (together, "Dogology 101") use of the marks "DOGOLOGY" and "DOGOLOGY 101" in commerce violates the common law, state, and federal intellectual property rights of Dogologie, including its U.S. Registration Nos. 2,947,672, 4,547,333, 4,550,930, 4,550,933, and 4,550,932, incontestable trademark registrations for DOGOLOGIE® under section 15 of the Lanham Act, 15 U.S.C. § 1065; Registration Nos. 6,013,483 and 5,948,466, trademark registrations for DOGOLOGIE®; and Registration No. 4,949,648 for DOGOLOGIE HAUS® ("DOGOLOGIE® Marks"); and

WHEREAS Dogologie asserts rights in its service marks, trademarks, trademark and service mark registrations, trade dress, goodwill, and other rights connected with the DOGOLOGIE® Marks; domain name www.dogologie.com; and similar DOGOLOGIE-formatives (collectively referred to as "Property"); and

WHEREAS, Dogologie has, for many years, used the DOGOLOGIE® Marks and Property for retail store services, online journals, kennel services, bed and breakfast inn services, animal

1

leashes and collars, t-shirts, dog treats, pet shampoo, pet conditioner, and dog training services; and

WHEREAS Dogologie's Complaint alleged the DOGOLOGIE® Marks and Property are owned by Dogologie and are valid and infringed by Dogology 101 under claims of Federal Trademark Infringement, Federal False Designation of Origin or Source, Common Law Trademark Infringement, Common Law Unfair Competition, and Trademark Dilution in violation of TEX. BUS. & COMM. CODE § 16.103 (collectively referred to as "Claims"); and

WHEREAS, Dogology 101 has agreed to phase out all use in commerce of similar marks and domain names covered by the DOGOLOGIE® Marks and Property with respect to appearance, sound, connotation, and commercial impression, e.g., "DOGOLOGY", "DOGOLOGY 101", and/or similar DOGOLOGY formative domain names and marks ("Accused Marks"), as the operating name of its business and in connection with goods and services, e.g., the sale of dogs and dog training services ("Accused Goods and Services") no later than November 11, 2022; and

WHEREAS, Dogology 101 has agreed to cease producing, using, and selling goods and services marketed and sold under the Accused Marks under the terms and conditions set forth in this Agreed Final Order; and

WHEREAS the Parties wish to eliminate the uncertainties and costs of litigation by fully, finally, and amicably resolving the above-captioned action;

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Parties, on behalf of the Parties, subject to the approval of the Court, as follows.

1. This Court has jurisdiction and venue over the subject matter of this action.

2. The DOGOLOGIE® Marks attached as Exhibits A–E are valid, extant, and incontestable.

3. The DOGOLOGIE® Marks attached as Exhibits F–H are valid and extant.

4. Dogology 101 is ORDERED to phase out use of the Accused Marks to identify, promote, market, advertise, and operate the business as soon as reasonably possible, but not later than November 11, 2022 ("Phaseout Period"), and only use the Accused Marks to the extent necessary to promptly switch to a new brand that is not likely to be confused with and/or dilute the DOGOLOGIE® Marks and Property.

5. No later than the Phaseout Period, Dogology 101 is ORDERED to cease and desist and is permanently enjoined from selling and advertising, directly or indirectly, goods and services under the Accused Marks likely to cause violations of any of the Claims and/or likely to cause confusion with, dilute, or infringe the DOGOLOGIE® Marks and Property. For the avoidance of doubt, Dogology 101 is not required to delete or remove social media posts and photos that were posted prior to the date of this Order.

6. It is ORDERED that Dogology 101 may only use the domain name www.dogology101.com and https://www.facebook.com/Dogology101 during the Phaseout Period, after which time Dogology 101 shall use a new domain name or internet name that does not include "Dogology" and is not likely to be confused with and/or dilute the DOGOLOGIE® Marks and Property.

7. After the Phaseout Period, Dogology 101 is ORDERED to not use the Accused Marks or the DOGOLOGIE® Marks and Property for search engine optimization, including, for non-limiting example, metatags and Google AdWords.

8. Dogology 101 is ORDERED to not take any actions to tarnish and/or diminish the DOGOLOGIE® Marks and Property.

9. Dogology 101 is ORDERED that any limited phaseout use of the Accused Marks in connection with the operation of its business will be at all times in compliance in all material respects with the laws of jurisdictions (including federal) in which the business is situated, including without limitation, employment, labor, and safety laws and regulations.

10. Pursuant to the agreement of the Parties, Dogologie dismisses and releases Dogology 101 from all claims for damages or other monetary relief for the actions alleged in the Complaint and actions taken before and throughout the Phaseout Period that are consistent with this Order.

11. If any Party believes that another Party has breached or violated the terms of this Order, it must notify the allegedly breaching Party of the alleged violation and give such other Party thirty (30) days to cure the alleged violation before taking legal action seeking to enforce the Order.

12. Each Party shall bear its own costs and fees.

13. The Clerk is instructed to close this action.

14. The Parties waive any right of appeal from this Order.

15. The Court retains jurisdiction over the Parties to enforce the terms of this Order on motion of either Party.

**IT IS SO ORDERED.**

    DATED: Austin, Texas, _____, 2022.

                                         _____
                                         ROBERT PITTMAN
                                         UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

/s/ Charles W. Hanor
Charles W. Hanor
Texas Bar No. 08928800
HANOR LAW FIRM PC
750 Rittiman Road
San Antonio, TX  78209
(210) 829-2002 Phone
(210) 829-2001 Fax
chanor@hanor.com

*Attorneys for Plaintiff*




APPROVED AS TO FORM:

Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580
Phone:  914-908-6757
anthony@vernalaw.com



/s/
Anthony M. Verna III
Verna Law, P.C.



/s/
Ronald B. Rice
Owner, Dogology 101

APPROVED AS TO FORM:

/s/ Charles W. Hanor
Charles W. Hanor
Texas Bar No. 08928800
HANOR LAW FIRM PC
750 Rittiman Road
San Antonio, TX 78209
(210) 829-2002 Phone
(210) 829-2001 Fax
chanor@hanor.com

*Attorneys for Plaintiff*


APPROVED AS TO FORM:

Anthony M. Verna III, Esq.
Verna Law, P.C.
80 Theodore Fremd Ave.
Rye, NY 10580
Phone: 914-908-6757
anthony@vernalaw.com


/s/ *[signature]*
Anthony M. Verna III
Verna Law, P.C.


/s/ *[signature]*
Ronald B. Rice
Owner, Dogology 101

6